IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-162-D

| | |
|---|---|
| DAVID REGINALD HOUSTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the motion of Plaintiffs to compel third-party State Farm Mutual Automobile Insurance Company ("State Farm") to comply with a subpoena duces tecum. [DE-38]. The motion has been referred to the undersigned and is considered here in accordance with Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). [DE-39]. For the reasons set forth below the motion is allowed.

**BACKGROUND**

Plaintiffs have asserted claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, arising out of an automobile collision on October 3, 2015, between a motor vehicle owned by Plaintiff Lange, being operated by Plaintiff Kopp, in which Plaintiff Houston was a passenger, and a motor vehicle owned and operated by the United States Postal Service ("USPS"). Compl. [DE-13] §§ 1, 6. According to the complaint, Lange's vehicle was declared a total loss and Plaintiffs Kopp and Houston sustained injuries from the collision. *Id.* § 6. Plaintiffs seek relief for physical and property damages, among other damages. *Id.* at 3.

According to Plaintiffs, Lange is a named insured on a policy issued by State Farm and a State Farm claims adjuster processed their claim. [DE-38-3] at 1. On March 23, 2018, Plaintiffs

caused to be issued a subpoena to "State Farm Insurance" seeking "State Farm's Claim File, including carrier discovery, witness interview, field investigation for Claim Number: 33739M789 for insured Sandra A. Lange (Plaintiff) for auto accident on October 3, 2015." [DE-38-1] at 1. Plaintiffs have included with their motion a letter dated April 13, 2018, purportedly from State Farm, indicating State Farm was unable to process the subpoena request because the subpoena failed to name and was not directed to the proper State Farm entity. [DE-38-1] at 7. The letter directed Plaintiffs to a website to assist in identifying the proper entity to which the subpoena should be directed. *Id.* The letter indicates any other objections to the subpoena are not waived and may be asserted when proper service is made. *Id.*

On April 23, 2018, Plaintiffs caused to be issued a subpoena to "State Farm Mutual Automobile Insurance Company."[1] [DE-38-1] at 8. The subpoena seeks "State Farm's Claim File, including carrier discovery, witness interview, field investigation for Claim Number: 33739M789 for insured Sandra A. Lange (Plaintiff) for auto accident on October 3, 2015." *Id.* Plaintiffs have included in their motion a letter dated May 15, 2018, purportedly from State Farm's Subpoena and Legal Information Request Unit. [DE-38-2] at 1. According to the letter, while State Farm acknowledged receipt of the subpoena, it informed Plaintiffs that "after a diligent search of [its] records with the information provided, [it] cannot locate documents responsive to [Plaintiffs'] request from that entity." *Id.* Plaintiffs followed their subpoena with verbal requests to State Farm for the records and, on May 22, 2018, spoke to a State Farm representative. [DE-38] ¶¶ 3, 4. According to Plaintiffs, a representative from State Farm informed them that State Farm was able

---

[1] Plaintiffs have included a third subpoena, dated June 29, 2018, with their motion although it is unsigned and does not appear to have been served. [DE-38-1] at 4; [DE-38] at 2. Accordingly, the subpoena issued April 23, 2018, is the focus of the court's analysis.

to locate the requested records, but refused to produce the records to Plaintiffs because the information was privileged or "protected and State Farm was not required to produce it." [DE-38-3] at 2.

On June 29, 2018, Plaintiff filed a motion to compel State Farm's compliance with Plaintiffs' subpoena. [DE-38]. State Farm failed to respond timely to the motion. On August 9, 2018, the court directed State Farm to respond to Plaintiffs' motion within 21 days. *Id.* State Farm has not responded to the motion and the time for doing so has expired.

## DISCUSSION

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)).

"Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf*, 233 F.R.D. at 453. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may, among other measures, "forbid the disclosure or discovery" or "forbid inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id*. 26(c)(1)(A), (c)(1)(D). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus

4

relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)). The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, *Fed. Practice & Procedure* § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016).

A particularized showing must be made as to why discovery should be denied, and conclusory or generalized statements opposing discovery fail to satisfy this requirement. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (allowing motion to compel where, among other things, the responding party relied on boilerplate objections and "failed to articulate any specific objection to any particular interrogatory or request for production, and therefore has waived any legitimate objection it otherwise could have raised.") (citation omitted); *Mainstreet Collection v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (recognizing that boilerplate objections are not proper). Where an objection to discovery is made on the grounds of privilege, the proponent of the privilege must demonstrate its applicability. *See Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) ("The burden is on the proponent of the attorney-client privilege to demonstrate its applicability.") (citation omitted); *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011) ("As in the case of attorney-client privilege, the party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine.") (citations omitted); *Cain v. Wal-Mart Stores, Inc.*, No. 5:16-CV-221-D,

2018 WL 1434819, at *5 (E.D.N.C. Mar. 22, 2018) ("Mere boilerplate assertions of privilege are insufficient to establish applicability.") (citation omitted).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). The motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 4515878, at *1 (E.D.N.C. Sept. 20, 2018). Plaintiffs' motion includes the requisite certification. [DE-38] at 6–7.

Here, State Farm objected to Plaintiffs' April 23 subpoena duces tecum by letter on the grounds that State Farm was unable to identify responsive documents. Subsequently however, according to Plaintiffs' motion, to which State Farm did not respond, State Farm located responsive materials but refused to produce them on the grounds the materials were privileged by the work product doctrine or were otherwise protected from disclosure. [DE-38-3] at 2. The materials sought by Plaintiffs appear relevant to the claims or defenses asserted in the complaint, especially where Plaintiffs assert a total property loss and a State Farm claims adjuster is said to have processed an insurance claim related to the collision. State Farm's objections to the subpoena are boilerplate and are therefore overruled. *See Mainstreet Collection*, 270 F.R.D. at 240; *Cain*, 2018 WL 1434819, at *5. From the materials provided to the court, there appears no discernable grounds on which the materials sought by Plaintiffs' April 23 subpoena duces tecum to State Farm would be objectionable. Accordingly, Plaintiffs' motion to compel is allowed and State Farm shall comply with Plaintiffs' April 23, 2018 subpoena within twenty one (21) after service of this order.

## **CONCLUSION**

For the reasons et forth above, Plaintiffs' motion to compel [DE-38] is ALLOWED.

So ordered, the 1st day of October 2018.

*[signature]*

Robert B. Jones, Jr.
United States Magistrate Judge